UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MELVIN PUNCH, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | Civil Action No. 22-30149-MGM |
| | * | |
| v. | * | |
| | * | |
| | * | |
| MASSACHUSETTS DEPARTMENT OF | * | |
| CHILDREN AND FAMILIES (DCF), et al., | * | |
| | * | |
| Defendants. | * | |

REPORT AND RECOMMENDAITON
June 12, 2023

ROBERTSON, U.S.M.J.

I.   Background

On November 14, 2022, Melvin Punch initiated this *pro se* action by filing a complaint and an application to proceed without prepayment of fees and affidavit. (Dkt. Nos.1, 3). Punch filed the complaint on behalf of himself, his four minor children and Amy Whalen, the children's mother, against more than three dozen defendants. (Dkt. No. 1). The case was randomly assigned pursuant to the District Court's Program for Random Assignment of Civil Cases to Magistrate Judges. (Dkt. No. 4).

Melvin Punch was granted leave to proceed *in forma pauperis*. (Dkt. No. 5.) The parties were advised that the four minor children could not proceed as parties unless represented by duly licensed counsel who filed a notice of appearance in this case. *Id.* Also, the parties were advised that the complaint was subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2) for failing to state a claim upon which relief might be granted. *Id.* Punch and Whalen were granted additional time to file an Amended Complaint and Whalen was granted additional time to file an application to proceed *in forma pauperis*. *Id.* Punch and Whalen were advised that any amended complaint must be a new stand-alone document

and must (1) set forth plausible claims upon which relief can be granted, (2) contain a case caption identifying all defendants; and (3) should, in numbered paragraphs, focus on the legal claims against each defendant, along with the factual basis for each such claim. *Id.*

On January 17, 2023, Whalen filed an application to proceed *in forma pauperis*, (Dkt. No. 7), and Punch and Whalen filed an amended complaint. (Dkt. No. 6). The amended complaint was not signed or dated. *Id.* The factual allegations were again in narrative form and consisted primarily of a history of events surrounding the placement of Punch and Whalen's four children into state custody and their unsuccessful efforts to have the children returned to them. *Id.* For relief, the amended complaint sought "monetary damages as well as removal of all plaintiff[s'] children named in this complaint from state custody and that they be returned to plaintiff parents." *Id.* at p. 5.

On January 18, 2023, Amy Whalen was granted leave to proceed *in forma pauperis* and an Order for Reassignment and Report and Recommendation issued recommending dismissal of the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (Dkt. No. 8). The case was reassigned on January 18, 2023. (Dkt. No. 9). On January 24, 2023, Punch and Whalen filed objections to the Report and Recommendation. (Dkt. No. 12). On January 26, 2023, the Report and Recommendation was adopted and the amended complaint was dismissed without prejudice. (Dkt. No. 13). Plaintiffs were granted leave to file a second amended complaint remedying the identified deficiencies. *Id.*

On February 24, 2023, plaintiffs filed a second amended complaint. (Dkt. No. 15). The second amended complaint has been referred for a report and recommendation for screening pursuant to 28 U.S.C. § 1915(e)(2). (Dkt. No. 16).

II. PLAINTIFFS' SECOND AMENDED COMPLAINT

Plaintiffs' second amended complaint is again presented in a rambling and difficult to follow narrative form. (Dkt No. 15). It consists of 90 handwritten pages and lists 30 or 31 defendants,

including individuals and organizations. *Id.* at 1-2. As in the original complaint and first amended complaint, plaintiffs appear to allege a conspiracy among the defendants to have the plaintiffs' children removed to state custody beginning with the birth of their first child in 2013 and continuing through 2023 when, it appears, an action for termination of parental rights was proceeding in state court.[1] *Id.* Plaintiffs assert a claim for the violation of their "constitutionally protected rights," *id.* at p. 1, and include a list of legal citations and claims, *id.* at pp. 85-86. The first 76 pages of the second amended complaint describe events that allegedly occurred in or before 2017. *Id.* at ¶¶ 1 - 21. The remainder of the allegations concern events that occurred on or after January 11, 2020, *id.* at ¶¶ 22 - 23. As to the factual allegations concerning events in 2023, plaintiffs state that "social workers Erica Deya, Ellen Ward, William Trainque, Kevin Wallace, Jessica Mackowiak, Ann Horgan along with attorneys Jonathan Villa, Erin Duggan and others all concluded that [plaintiffs would lose custody of two of their children at an upcoming trial] and "conspire[d] to deprive Plaintiffs [of] their Constitutional Protected Rights under color of authority." *Id.* at p. 85. Plaintiffs contend that "[t]hese individuals created a narrative about Plaintiffs Melvin Punch and Amy Whalen [and] then introduced their narrative in State Court under oath to deceive that court into believing their false statements were fact." *Id.* Plaintiffs seek $66 million in monetary relief and the return of their biological children to their custody. *Id.* at pp. 89-90.

III. DISCUSSION

The Court treats the factual allegations in the second amended complaint as true and draws all reasonable inferences in their favor. *Estelle v Gamble*, 429 U.S. 97 (1976). In addition, the Court liberally reviews the plaintiffs' allegations and legal claims since they have been asserted by self-

---

[1] The names of the minor children are omitted for confidentiality purposes and the clerk has been directed to restrict the view of the Second Amended Complaint, which contains the children's names.

represented litigants. *See Haines v Kerner*, 404 U.S. 519, 520-21 (1972). Even applying these liberal standards to review plaintiffs' second amended complaint, dismissal is required because the second amended complaint completely fails to comply with the requirements of Fed. R. Civ. P. 8 and fails to state claims upon which relief may be granted.

The second amended complaint recounts the same incidents that are alleged in the original and amended complaints and contains the same deficiencies identified in the December 20, 2022 and January 18, 2023 Orders. The conspiracy claims are conclusory and are not supported by reference to specific instances of alleged misconduct by individually identified defendants. Judicial immunity protects the judges that are named as defendants and Eleventh Amendment immunity extends to the state and any entity that is an arm of the state, including, for example, the Department of Children and Families.

As drafted, the second amended complaint does not inform any individual defendant or the court as to the facts and claims asserted against that defendant. The allegations are contained in 23 separate paragraphs, which vary in length from 3 to 15 pages. None of the defendants could reasonably be required to file an answer to a complaint in the form of the second amended complaint. Dismissal is an appropriate remedy where a complaint is "extremely verbose and rambling . . . contains a lengthy recital of evidentiary matters," and is "filled with historical and background material which is totally irrelevant to [the context of the case.]" *Martin v. Hunt*, 29 F.R.D. 14 (D. Mass. 1961); *see also Newman v. Com. of Mass.*, 115 F.R.D. 341, 342 (D. Mass 1987) (dismissal is appropriate where the "complaint in its amended form is more than 21 pages long and has fourteen documentary exhibits attached"); *Cranney v. Trustees of Bos. Univ.*, 139 F. Supp. 130, 131 (D. Mass. 1956) ("this complaint is plainly in violation of the rule of federal procedure which requires that pleadings shall be simple, direct, and concise. If there were no other reason to dismiss the complaint, this by itself would be a sufficient ground.").

Additionally, claims brought under 42 U.S.C. § 1983 are subject to the statute of limitations applicable to personal injury claims under state law. *Ayala-Sepulveda v Municipality of San German*, 671 F.3d 24, 28–29 n.3 (1st Cir. 2012) (citations omitted). Here, the statute of limitations is three years. *See* Mass. Gen. Laws ch. 260, § 2A (Massachusetts has three-year statute of limitations for personal injury claims); *Nieves v. McSweeney*, 241 F.3d 46, 51 (1st Cir. 2001). The instant action was commenced on November 14, 2022. Therefore, a majority of the claims plaintiffs seek to assert accrued before November 14, 2019 and are time-barred.

Finally, plaintiffs have improperly joined claims that appear factually unrelated against the defendants. It is well established that a party may assert as many claims as it has against an opposing party, Fed. R. Civ. P. 18(a), provided that such claims are plausible. As to the joinder of multiple claims against multiple defendants, under Fed. R. Civ. P. 20(a)(2), defendants may be joined in a single action only where "any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction or occurrence or series of transactions or occurrences." Here, the plaintiffs' claims do not meet the Rule 20 standard. While there might be overlap with some of the parties, plaintiffs are not entitled to bring multiple unrelated claims in a single action.

In conclusion, "the documents [plaintiffs have] filed (and continue to file) fail to articulate any coherent claim and, taken even as a whole, are verbose, disjointed, and fail to comport with the requirements of Fed. R. Civ. P. 8. … Nowhere in [plantiffs' …] filings have [they] articulated a coherent claim or cause of action. In contravention of the Court order, [plaintiffs'] filings fail to identify which actor committed any specific wrongdoing. Accordingly, [plaintiffs'] case is subject to dismissal under Fed. R. Civ. P. 41(b)." *Diaz v. Drew*, 305 F. Supp. 3d 234, 238 (D. Mass. 2018). Such dismissals are properly made with prejudice. Where the subject of this recommendation is plaintiffs' third proposed complaint, the court recommends that the court consider dismissal with prejudice. *See id.*

IV.     RECOMMENDATION

For the reasons set forth above, this Court RECOMMENDS that the District Judge DISMISS this action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii) and Fed. R. Civ. P. 41(b).[2]

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

DATED: June 12, 2023

---

[2] The parties are advised that under the provisions of Fed.R.Civ.P. 72(b) or Fed.R.Crim.P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of service of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir.1988); *United States v. Valencia–Copete*, 792 F.2d 4, 6 (1st Cir.1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega*, 678 F.2d 376, 378–79 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 604 (1st Cir.1980). *See also Thomas v. Arn*, 474 U.S. 140, 154–55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.